MINUTE ENTRY
WILKINSON, M.J.
FEBRUARY 19, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES R. DORE               CIVIL ACTION

VERSUS                      NO. 09-3665

HLC TUGS, LLC ET AL.        SECTION "B" (2)

## HEARING AND ORDER ON MOTION

APPEARANCES: Joseph Waitz, Jr., representing plaintiff; Todd G. Crawford, representing defendants (both via telephone)

MOTION: Defendants' Motion for Reconsideration, Record Doc. No. 18

O R D E R E D:

XXX : GRANTED IN PART AND DENIED IN PART. At page 5 of their supporting memorandum, Record Doc. No. 18-2, defendants specify four kinds of relief sought by this motion. The motion is denied insofar as it seeks an order "that plaintiff be asked to identify any specific document that he reasonably believes Marquette[1] has in its possession that has not been produced." This is not plaintiff's burden. The difficulty with the subject requests for production is that defendants' written responses are evasive and incomplete, and include objections that are either waived or without merit. They fail to comply with Fed. R. Civ. P. 34(b)(2)(B) in that they do not clearly apprise either plaintiff or the court that all responsive non-privileged materials have been produced.

---

[1] Defendants' insistence upon responding to this discovery as "Marquette" is confusing. While defendants have identified "Marquette Transportation Company Offshore, LLC" as the new name of one defendant, HLC Tugs LLC, in its corporate disclosure statement, Record Doc. No. 10, Marquette is not a named defendant, has filed no answer and has not been substituted for any party pursuant to Fed. R. Civ. P. 25(c).

MJSTAR:  0 : 40

The motion is also denied insofar as it requests "that the award of attorney fees be reduced and/or stricken because Marquette has produced hundreds of pages of documents." Regardless how many documents defendants may have produced, their <u>written</u> <u>responses</u> to the interrogatories and the requests for production are inadequate, and defendants failed to comply with Local Rule 7.5E in connection with the prior motion, all of which has resulted in this discovery motion practice. The prior award of $600 remains in place.

The motion is also denied insofar as it seeks an order that "the production was verified as evident from Exhibit A." Interrogatory answers must be verified in the manner provided by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). While the mere signature of counsel is sufficient as to written responses to Rule 34 requests for production, Fed. R. Civ. P. 26(g)(1), <u>objections</u> to interrogatories, Fed. R. Civ. P. 33(b)(5), and the certificate of service, Fed. R. Civ. P. 5(b), it is <u>not</u> sufficient as to interrogatory <u>answers</u>. <u>No</u> verification of interrogatory <u>answers</u> in compliance with Fed. R. Civ. P. 33(b)(1)(B), (3) and (5) appears anywhere in defendants' Exhibit "A."

The motion is granted in part in that the court now sees that defendants filed some responses and limited kinds of objections to a much earlier, first set of interrogatories and requests for production that were substantially similar to the later set of interrogatories and requests for production that are the subject of this motion. This does not mean, however, that defendants were free to ignore and/or file <u>late</u> objections to the separate, later sets of discovery requests that are the subject of this motion and plaintiff's original motion to compel. Plaintiff's second set of interrogatories and requests for production may have been objectionable. <u>See</u>, <u>e.g.</u>, Fed. R. Civ. P. 26(b)(2)(C)(i). However, "[a] failure described in Rule 37(d)(1)(A) [which includes a failure timely to serve answers, objections, or written responses under Rules 33 and 34] is <u>not</u> excused on the ground that the discovery was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2)(emphasis added). In addition, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Thus, the motion is denied insofar as it seeks an order finding that objections <u>not</u> made by defendants in their responses to the earlier set of discovery requests were somehow preserved as to the second set of discovery requests.[2]

---

[2]In this regard, two inaccuracies in defendants' "Memorandum in Support of Motion for Reconsideration," Record Doc. No. 18-2, must be pointed out for the record. First, the memo states, "Each [of the defendants] were not served subsequent [the second set of] discovery in this case . . ." <u>Id.</u> at p. 3. No evidence supports this assertion. On the contrary, defense counsel's assertion is refuted by the evidence attached to plaintiff's original motion, including the service letter of plaintiff's counsel and

The motion is granted in that my prior order, Record Doc. No. 16, is hereby amended as follows: All objections to the subject discovery have been waived and/or are overruled because they lack merit, except for objections based upon any privilege or the work product doctrine, which are preserved.

**IT IS ORDERED** that, no later than **February 26, 2010**, defendants must produce to plaintiff:

(1) full and complete answers to each and every interrogatory without objection, except as to any privilege and/or the work product doctrine, and without vague and confusing cross-references to other discovery responses;

(2) a proper verification of all interrogatory answers, signed under oath by an authorized representative of defendants, not their counsel, as required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5);

(3) written responses to each and every request for production clearly stating either (a) that all non-privileged responsive materials have been produced (with a parenthetical in each separate response identifying the materials responsive to that request by Bates-stamp number), or (b) that no non-privileged responsive materials are in defendants' possession, custody or control;

(4) all non-privileged responsive materials that have not previously been made available for inspection; and

(5) a privilege log, in full compliance with Fed. R. Civ. P. 26(b)(5), identifying all responsive materials that are being withheld from production on grounds of any privilege or the work product doctrine.

In his opposition memorandum, plaintiff requests an additional award of attorneys fees and costs against defendants in the total amount of $1,090.00. Record Doc. No. 20-2 (Affidavit of Marc Evan Kutner). That request is denied. While much of the expense associated with this motion practice is attributable to defendants' failure timely to address the second set of discovery requests, compounded by their failure to respond to

---

the United States Postal Service "Track & Confirm" documents, confirming the substance of the certificate of service itself. Record Doc. No. 14-3. Second, the defense memo argues that "waiver of privilege as found by the magistrate should not apply." Id. (emphasis added). My previous order did not find that privileges were waived. Although a waiver of privileges could very well have been imposed based upon defendants' counsel's failure to comply with Fed. R. Civ. P. 26(b)(5), Lee v. State Farm Mut. Auto. Ins. Co., 249 F.R.D. 662, 683 (D. Colo. 2008); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D. N.Y. 2003); Nagele v. Electronic Data Sys. Corp., 193 F.R.D. 94, 108 (W.D.N.Y. 2000); Bordonaro v. Union Carbide Corp., No. 93-3355, 1995 WL 234545, at *2 (E.D. La. Apr. 20, 1995) (Duval, J.); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996); Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996), I exercised my discretion in the prior order to find no waiver of the defendants' privileges under these circumstances, at least at that time.

the first motion to compel, some is attributable to plaintiff's submission of duplicative sets of discovery requests. The intent of this order is to get this discovery properly completed without further obfuscation or delay. If defendants comply with this order, no sanctions beyond those provided in my previous order will be awarded.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE